(49 Misc. Rep. 129)

BALL v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.  December 21, 1905.)

CARRIERS—INJURIES TO PASSENGERS—ACTIONS—INSTRUCTIONS.

In an action against a street railway for injuries to a passenger who was precipitated from an open car while passing a point at which there was a considerable unevenness in the tracks, which had continued for a long time previous to the accident, a judgment for defendant would be reversed, where the court failed to give any instructions on the duty which defendant owed to its passengers, or as to its obligations to use care in the maintenance of its roadbed or in the operation of its cars at a place where its roadway was defective.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1326.]

Appeal from City Court of New York, Trial Term.

Action by Marcus A. Ball against the Interurban Street Railway Company.  From a judgment in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals.  Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Billington & Caldwell (Reno R. Billington, of counsel), for appellant.

Bayard H. Ames and F. Angelo Gaynor, for respondent.

SCOTT, P. J.  In my opinion justice requires that this cause should be retried.  The plaintiff was a passenger on an open car operated by defendant.  The accident occurred on Lenox avenue, between 135th and 136th streets.  At this point there was a considerable unevenness in the tracks; one of them being much depressed, so that there was a succession of "dips."  This condition had existed for some months. The plaintiff, wishing to alight at 136th street, half turned in his seat and motioned to the conductor to stop, and at this moment the plaintiff was shot out of the car, receiving injuries.  There was a suggestion from one witness, scarcely amounting to testimony, that the unevenness of the track resulted from the construction of the subway.  The clear evidence as to the bad condition of the track and the long continuance of that condition certainly imposed upon defendant the exercise of a high degree of care in operating its cars at this point.

The case, as presented on this appeal, is remarkable from the fact that no instructions whatever were given to the jury as to the duty which the defendant owed to its passengers, or as to its obligation to use care in the maintenance of its roadbed or in the operation of its cars over a piece of defective roadway.  In short, the jury were left wholly uninformed as to the law applicable to an action for damages for negligence.  The plaintiff made a number of requests to charge, all of which were refused.  In the main they undoubtedly went too far, and sought to impose too stringent a liability upon the defendant, although, in view of the evidence as to the condition of the roadbed, I am inclined to think that the jury should have been charged that the defendant was bound to exercise its utmost skill and vigilance to guard against the possibility of accident from the condition of its road.  I do not, however, dwell upon the refusal to charge any particular request as the error justifying reversal.  I prefer to base my position upon the fact that the jury were not charged at all upon the law of the case, but were

left to grope in the dark, applying to the facts what it may have guessed to be the law, rather than what it had been instructed was the law.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.